# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>CITY OF SAN DIEGO; and CALIFORNIA COASTAL COMMISSION,<br><br>　　　　　　　　　　　Defendants. | Case No.: 16cv1077-MMA (AGS)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER;**<br><br>[Doc. No. 15]<br><br>**AND DENYING REQUEST FOR JUDICIAL NOTICE**<br><br>[Doc. No. 16] |

On December 14, 2016, Plaintiff Animal Protection and Rescue League ("Plaintiff") filed a motion for a temporary restraining order ("TRO") requesting the Court order Defendant City of San Diego to close Children's Pool Beach in La Jolla, California, on December 15, 2016. Doc. No. 15. Plaintiff also filed a request for judicial notice in connection with such motion. Doc. No. 16. For the reasons set forth below, the Court **DENIES** Plaintiff's motion for a TRO without prejudice, and **DENIES AS MOOT** Plaintiff's request for judicial notice.

## LEGAL STANDARD

A temporary restraining order ("TRO") may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of

such an order, as a form of preliminary injunctive relief, is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction. *See Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). However, a TRO is an "extraordinary remedy" and is "never granted as of right," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Instead, the moving party bears the burden of demonstrating that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. Although a plaintiff must satisfy all four of the requirements set forth in *Winter*, this Circuit employs a sliding scale whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Accordingly, if the moving party can demonstrate the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Id.*

## DISCUSSION

Plaintiff claims that Defendant City of San Diego will not close the rookery[1] at Children's Pool Beach on December 15, 2016, the first day of pupping season, in conflict with a local ordinance requiring the City of San Diego to do so. *See* Doc. No. 15 at 2. Pupping season spans annually from December 15 through May 15. *See id.* In May 2016, a Superior Court Judge issued a ruling prohibiting closure of the rookery on December 15, 2016. Doc. No. 15-1 at 3. Therefore, Plaintiff requests the Court "issue a temporary restraining order to require the City [of San Diego] to follow its own ordinance

---

[1] A rookery is a beach where marine mammals give birth and nurse their young.

rather than a state court order that directly conflicts with federal law, until this matter can be heard on notice." *Id.*

Based on a thorough reading of Plaintiff's motion, Plaintiff has not shown a likelihood of success on the merits of its claim or raised serious questions going to the merits. An injunction is a remedy, not a cause of action itself. Thus, injunctive relief is only available upon a finding of liability, or in the case of temporary injunctive relief, a showing of a likelihood of success on a claim. *See* 19 Fed. Proc., L. Ed. § 47:1; *Wells Fargo Bank, N.A. v. Barber*, 85 F. Supp. 3d 1308, 1313 (M.D. Fla. 2015). Moreover, to the extent Plaintiff is asking the Court to issue an order requiring Defendant City of San Diego to close Children's Pool Beach, Plaintiff's request is premature. It is possible that Defendant City of San Diego will close the rookery in accordance with the ordinance in a timely manner.

## CONCLUSION

The pending motion for a TRO does not establish that Plaintiff is entitled to injunctive relief. For the reasons set forth above, the Court **DENIES** Plaintiff's motion for a TRO without prejudice. If Plaintiff were to reapply for a TRO, the Court requests Plaintiff demonstrate that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party, as outlined above. Additionally, the Court requests Plaintiff submit a proposed order granting the motion for a TRO in compliance with Federal Rule of Civil Procedure 65(d). Accordingly, the Court **DENIES AS MOOT** Plaintiff's request for judicial notice.

**IT IS SO ORDERED.**

Dated: December 15, 2016

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge